IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACQUELINE RAWL, )
) No. 13-1397
Plaintiff, )

v.

CAROLYN W. COLVIN,

Defendant.

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed an application for disability benefits pursuant to Titles II and XVI of the Social Security Act. She alleged disability due to several impairments, but back pain remains the primary issue at this juncture. The Plaintiff's claims were denied initially, and upon hearing. This appeal followed, and the parties' cross-motions for summary judgment are before the Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## I. THE PARTIES' MOTIONS

At issue is the ALJ's decision of February 8, 2012, in which the ALJ concluded that Plaintiff was capable of performing work at the light exertional level with additional limitations, and was not disabled. Plaintiff contends that the ALJ should have been bound by a previous ALJ decision, rendered in March, 2010, finding Plaintiff limited to sedentary, rather than light, work.

While res judicata is applicable in the administrative context, it does not apply as Plaintiff urges. "[I]t would appear that, in this Circuit, a subsequent ALJ is not bound by the RFC findings of a previous ALJ for a later period. The earlier findings are relevant, of course, but lack preclusive effect." Krokus v. Colvin, 2014 U.S. Dist. LEXIS 19, at **3-4 n.1 (W.D. Pa. Jan. 2, 2014). In this case, the ALJ explained the basis for his differing conclusions regarding a time

period not previously adjudicated, and clearly considered all of the evidence. His rejection of preclusion principles was not error.

Plaintiff further contends, however, that even absent preclusion, the determination that Plaintiff's condition had improved to the light exertional level is not supported by substantial evidence. However, the ALJ discussed the opinions of two examiners, Dr. Christo and Dr. Tran, and noted the improvements observed therein over Plaintiff's 2008 examination. As regards the ALJ's determinations regarding Plaintiff's credibility, if an ALJ has articulated reasons supporting his credibility determination, that determination will be entitled to "great deference." Horodenski v. Comm'r of Soc. Sec., 215 Fed. Appx. 183, 188-189 (3d Cir. 2007). Reversal of an ALJ's credibility determination will be reversed only in "extraordinary" cases. Id. at 189. The ALJ stated his reasons for his credibility determination, and this is not an extraordinary situation that requires reversal of that determination.

Plaintiff also takes issue with the ALJ's consideration of Dr. Ragoowansi's opinion. She contends that the ALJ rejected Dr. Ragoowansi's diagnosis of cervical radiculopathy, but that this rejection should not have factored into the ALJ's decision, because her disability claim does not focus on cervical difficulties. The ALJ, however, suggested that Dr. Ragoowansi's overall opinion, taken along with Plaintiff's "credibility problems," did not compel restrictions above the RFC. In other words, the ALJ did not explicitly rely on his assessment of Plaintiff's cervical condition to discount other alleged impairments. Plaintiff further raises the ALJ's failure to mention Dr. Ragoowansi's 2011 reference to lumbar radiculopathy, in contravention of Burnett v. Commissioner, 220 F. 3d 112 (3d Cir. 2000). Under Burnett, an ALJ must "give some indication of the evidence he rejects and his reason(s) for discounting such evidence." Id. at *121. Burnett, however, must be viewed alongside the principle that an ALJ "is not required to

discuss every single piece of relevant evidence in the record." E.g., Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir. 2004). Here, the ALJ explained his consideration of the objective evidence of record related to Plaintiff's back pain, and Plaintiff does not contend that he failed to address or ignored any objective medical findings. Given the ALJ's assessment of the totality of the evidence relating to Plaintiff's back, as well as his consideration of Dr. Ragoowansi's opinion overall, the failure to specifically refer to the suggestion of lumbar radiculopathy was harmless.

## CONCLUSION

In sum, according to the limited scope of my review, the ALJ's decision was supported by substantial evidence. I do take note of Plaintiff's fairness argument, in terms of the timing of her 50th birthday, and its effect on her disability status. Nonetheless, my role in this proceeding is limited, and I am not permitted to reweigh the evidence or conduct a de novo review. Accordingly, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

**ORDER**

AND NOW, this 15th day of May, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court